FILED

2008 FEB 28 PM 3: 05

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO RIOS,<br><br>      Petitioner,<br><br>v.<br><br>V. M. ALMAGER, Warden,<br><br>      Respondent. | Civil No. 07-2071 W (NLS)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has included the required Prison Certificate, but the form has not been properly filled out by a prison official. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Further, upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 may not be the proper vehicle for the claims Petitioner presents. Petitioner describes problems he claims he is facing in prison. Specifically, Petitioner claims that he was denied due process during a California Department of Correction and Rehabilitation rule violation hearing, related to the possession of homemade alcohol. Petitioner's claim not cognizable on habeas because it not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

Although Petitioner does claim his rule violation hearing was in violation of the Constitution, petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 apply only to challenges to the fact or duration of confinement; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Here, Petitioner does not allege that the fact or duration of his confinement was impacted by the alleged constitutional violation. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

**CONCLUSION**

Based on the foregoing, Petitioner's application to proceed in forma pauperis is **DENIED** and the case is **DISMISSED** without prejudice and with leave to amend. In

order to have this case reopened, Petitioner must, **no later than April 28, 2008,** (1) pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which cures the pleading deficiency set forth above. For Petitioner's convenience, the Clerk of Court shall attach a blank application to proceed in forma pauperis and a blank First Amended Petition form.

**IT IS SO ORDERED.**

DATED: 2/27/08

Thomas J. Whelan
United States District Judge