Maximiliano Rios
_____
NAME
P-17702
_____
PRISON NUMBER
Centinela State Prison
P.O. Box 931 – D4-234L
_____
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Imperial, California 92251-0931
_____
CITY, STATE, ZIP CODE

**FILED**

2008 MAY -1  PM 12: 39

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**NUNC PRO TUNC**
APR 29 2008

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MAXIMILIANO RIOS
_____,
(FULL NAME OF PETITIONER)
                    **PETITIONER**

v.

VICTOR ALMAGER, Warden
_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                    **RESPONDENT**
and

_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No _____07cv2071 W (NLS)_____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**FIRST AMENDED
PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   California Court of Appeal, Fourth Appellate District, Division One

2. Date of judgment of conviction: February 27, 2007,

3. Trial court case number of the judgment of conviction being challenged: ____EHC00661____

4. Length of sentence: __N/A__

CIV 68 (Rev. Jan. 2006)

cv

5.  Sentence start date and projected release date: _N/A_____

    _____

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _Possession of_
    _Inmate Manufactured Alcohol._____
    _///_____

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty          ☒
    (b)  Guilty              ☐
    (c)  Nolo contendere     ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury          ☐
    (b)  Judge only ☒  (Senior Hearing Officer)

9.  Did you testify at the trial?
    ☒ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____
    (d)  Names of Judges participating in case (if known)_____

         _____

    (e)  Grounds raised on direct appeal: _____

         _____

         _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____

         _____

    (d)  Grounds raised: _____

         _____

         _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

            _____

    (d) Grounds raised: _____

            _____

            _____

            _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
  ☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): EHC00661

    (b) Nature of proceeding: Habeas Corpus Petition

    (c) Grounds raised: Petitioner Was Deprived Of His Right To Due Process
        ///
        ///
        ///

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☒ No

    (e) Result: Petition Granted

    (f) Date of result (if known): December 7, 2005

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
  ☒ Yes  ☐ No

**17.** If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): D047799

    (b) Nature of proceeding: Habeas Corpus Petition (Respondent)

    (c) Names of Judges participating in case (if known) McConnell, P.J.; Haller, J.; and Aaron, J.

    (d) Grounds raised: Failure To Consider Exculpatory Evidence

        ///

        ///

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (f) Result: Order Granting Petition Reversed

    (g) Date of result (if known): February 27, 2007

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes  ☐ No

**19.** If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S152980

    (b) Nature of proceeding: Habeas Corpus Petition

    (c) Grounds raised: Failure To Consider Exculpatory Evidence

        ///

        ///

        ///

        ///

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☒ No

    (e) Result: Petition Denied

    (f) Date of result (if known): October 10, 2007

20.   If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____N/A_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.   Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☒ Yes ☐ No    (IF "YES" SKIP TO #22)

   (a)   If no, in what federal court was the prior action filed? _____

     (i)   What was the prior case number? _____

     (ii)  Was the prior action (CHECK ONE):

        ☐ Denied on the merits?

        ☐ Dismissed for procedural reasons?

     (iii) Date of decision: _____

   (b)   Were any of the issues in this current petition also raised in the prior federal petition?

     ☐ Yes ☐ No

   (c)   If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?

     ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS BASED UPON THE FAILURE OF PRISON OFFICIALS TO CONSIDER EXCULPATORY EVIDENCE PRIOR TO FINDING HIM GUILTY OF CONTRABAND POSSESSION

**Supporting FACTS:** _____ (See Petition Attached Hereto) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition For Review/ Habeas Petition

(2) Case number or citation: S151706/S152980

(3) Result (attach a copy of the court's opinion or order if available): Both Denied

**(b)** **GROUND TWO**: _____ Not Applicable _____

_____

_____

**Supporting FACTS**: _____ Not Applicable _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

cv

**(c) GROUND THREE:** _____ Not Applicable _____

_____

_____

**Supporting FACTS:** _____ Not Applicable _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): _____

**(d)  GROUND FOUR:** _____ Not Applicable _____

_____

_____

**Supporting FACTS:** _____ Not Applicable _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

cv

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

       _____

    (e)  Name(s) of judges (if known):_____

    (f)  Grounds raised: _____

       _____

       _____

       _____

       _____

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes   ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a)  At preliminary hearing: N/A _____

    (b)  At arraignment and plea: N/A _____

       _____

    (c)  At trial: N/A _____

       _____

    (d)  At sentencing: N/A _____

    (e)  On appeal: N/A _____

    (f)  In any post-conviction proceeding: Mr. Gregory S. Cilli, Appointed, P.O. Box 807, Navesink, New Jersey 07752 _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: Mr. Gregory S. Cilli, Appointed, P.O. Box 807, Navesink, New Jersey 07752 _____

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:

    _____

    (b) Give date and length of the future sentence: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes  ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
April 25, 2008
_____

CIV 68 (Rev. Jan. 2006)

-11-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____ **Not Applicable** _____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_____          _Maximiliano Rios_____

(DATE)                                          SIGNATURE OF PETITIONER

April 25, 2008

Maximiliano Rios, P-17702
Centinela State Prison
P.O. Box 931 - D4-234L
Imperial, CA 92251-0931


In Propria Persona


## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| MAXIMILIANO RIOS,<br><br>                              Petitioner,<br><br>      v.<br><br>VICTOR ALMAGER, Warden,<br><br>                              Respondent. | Case No. 07 cv 2071-W (NLS)<br><br>PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |


## I

### INTRODUCTION

1.   Petitioner, MAXIMILIANO RIOS, hereby applies pursuant to 28 U.S.C. § 2254 et seq. for writ of habeas corpus to vacate a finding of guilt imposed against him in Rules Violation Report (hereinafter "RVR" or "CDC-115"), Log No. FD-04-11-017, following a state prison disciplinary proceeding (hearing) for possession of inmate manufactured alcohol.

2.    Petitioner contends that he was deprived of his right to due process based upon the failure of prison officials to consider exculpatory evidence prior to finding him guilty of contraband possession.

3.    This matter comes before the Court on Maximiliano Rios' Petition for Writ of Habeas Corpus. This is not a search for legal technicalities. It is not a search for justification. It is not a case about legal, moral, or social implications. It is not a review of a state prison disciplinary proceeding for simple legal errors.

4.    This is a review of a state prison disciplinary proceeding in order to determine if state and federal constitutional requirements were met, and to determine the affect of any constitutional violations on the state prison disciplinary proceedings. It is appropriate, under the law, to undertake this procedural review of a finding of guilt at a state prison disciplinary hearing. American law says that such a finding of guilt and imposition of punishment will not stand unless, and until, the finding of guilt and subsequent imposition of punishment are determined to be in accord with both the State and Federal Constitutions.

5.    Petitioner maintains his innocence and asserts that a fundamental miscarriage of justice warranting relief consideration has occurred, and that Petitioner can demonstrate that errors of constitutional magnitude led to a disciplinary hearing that was so fundamentally unfair that, absent the errors, no reasonable trier of fact would have found Petitioner guilty of the charged offense for which he was found guilty, and therefore, he must be granted relief.

6.    Petitioner based this application on the records and files maintained by the California Department of Corrections and Rehabilitation (hereinafter "CDCR"), at Centinela State Prison, which he asks this Court to take judicial notice of; the claims below, the supporting cases, rules and other authorities made part hereto.

///

///

II

## PARTIES

7.    Petitioner, MAXIMILIANO RIOS, P-17702, is a prisoner of the State of California, currently incarcerated at Centinela State Prison.

8.    Victor Almager is the warden of Centinela State Prison, and as such, is legally responsible for, and the legal custodian of Petitioner.

III

## PROCEDURAL BACKGROUND

9.    On November 18, 2004, Correctional Officer R. Banks randomly searched the cell Petitioner sharhed with Pineda, another inmate. (Clerk's Transcripts (hereinafter "CT") 14, 23). Officer Banks found during the search a tupperware-type container on a shelf used by Pineda. (CT 18, 23). When Officer Banks opened the container he discovered a plastic bag containing a clear liquid smelling strongly of fermenting fruit. (CT 23). Another officer, Correctional Officer W. Newman, verified the liquid was inmate manufactured alcohol. (CT 26).

10.    As a result of the discovery of the alcohol, Petitioner and Pineda were charged with possession of inmate manufactured alcohol in violation of the California Code of Regulations (hereinafter "CCR"), Title 15, § 3016(a). (CT 18, 23). Petitioner was served with RVR, Log No. FD-04-11-017, on December 7, 2004, and appeared at a December 15, 2004, prison disciplinary hearing on the charge. (CT 23). At the hearing, Petitioner testified before Senior Hearing Officer (hereinafter "SHO") Granish that the alcohol was not his, and that it was made by Pineda. (CT 23, 25). Noting that Petitioner requested no witnesses, SHO Granish ruled that Petitioner's testimony failed to exonerate him. (CT 25). Based on the statements by Officers Banks and Newnam contained in RVR, Log No. FD-04-11-017, SHO Granish found Petitioner guilty of violating CCR, Title 15, § 3016(a), and assessed 120 days forfeiture of behavior credits, and 30 days

-3-

loss of dayroom privileges. (CT 25).

11. Petitioner administratively appealed the guilty finding, in which he challenged the disiciplinary action, claiming that he was forbidden by SHO Granish from calling Pineda and Officer Banks to testify. (CT 16, 19-20). According to Petitioner, Pineda would have testified that the alcohol belonged to him. (CT 16, 19). Petitioner attached a declaration of Pineda, who admitted to possessing the alcohol, and stated that he pled guilty to possessing the alcohol at his own disciplinary hearing. (CT 18). According to Petitioner, Officer Banks would have testified that he found the alcohol on Pineda's shelf. (CT 19). Petitioner claimed that Officer Banks' testimony was necessary since Officer Banks failed to mention in RVR, Log No. FD-04-11-071, that he found the the alcohol on Pineda's shelf. (CT 19).

12. Petitioner's administrative appeal was granted in part upon finding Petitioner was not given a copy the CDC-115 within 15 days after the discovery of the information leading to the charges, thus precluding the forfeiture of credits. (CCR, Title 15, § 3320(a)). (CT 27). Respondent, however, found that the guilty ruling against Petitioner was appropriate because, according to Respondent, both cellmates are responsible for the contents of the cell. (CT 27).

13. Petitioner appealed this decision to the Inmate Appeals Branch of the CDCR, claiming that he should not be held responsible for the action of his cellmate who admitted his wrongdoing. (CT 17, 19). The Inmate Appeals Branch denied the appeal. (CT 14).

14. As no more administrative remedies were available to him, Petitioner filed a petition for writ of habeas corpus in Imperial County Superior Court on August 24, 2005. (CT 1). On December 7, 2005, the superior court granted the writ, finding that the evidence failed to show Petitioner knew of the presence

of the alcohol. (CT 84). The court concluded that evidence of alcohol in a cell Petitioner shares with a cellmate is not "some evidence" of the requisite knowledge. (CT 84). The court also held that constructive possession of the alcohol cannot be established without showing that Petitioner had exclusive possession or control of the cell. (CT 84). The court then ordered Respondent to reverse any adverse action taken against Petitioner stemming from the guilty finding, restore all credits and privileges, and delete the guilty finding from Petitioner's record. (CT 84).

15. On February 27, 2005, the California Court of Appeal, Fourth Appellate District, Division One, filed its opinion in Case No. D047799. The court held that: 1) "Some evidence" supports the prison's finding that Petitioner possessed the alcohol; 2) Petitioner waived his argument that the prison failed to follow the administrative rule; 3) The record contained no evidence of the administrative rule; 4) The administrative rule does not prevent a finding that more than one cellmate can be held responsible for the alcohol; and 5) Prison officials did consider exculpatory evidence.

16. On April 9, 2007, Petitioner filed his Petition for Review before the California Supreme Court.

17. On June 20, 2007, Petitioner's Petition for Review was denied.

18. For any additional petitions, applications and motions, see Pages 3-5 of the attached Petition for Writ of Habeas Corpus Form CIV 68 (Rev. Jan. 2006).

## IV

## CONTENTIONS

### 1.

PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS BASED UPON THE FAILURE OF PRISON OFFICIALS TO CONSIDER EXCULPATORY EVIDENCE PRIOR TO FINDING HIM GUILTY OF CONTRABAND POSSESSION

## V

### PRAYER FOR RELIEF

Petitioner is without remedy, save by writ of habeas corpus.

WHEREFORE, Petitioner prays that this Court:

(1)  Issue a writ of habeas corpus;

(2)  Declare the rights of the parties;

(3)  Reverse the guilty finding of the disciplinary charge;

(4)  Expunge all references to the disciplinary charge from Petitioner's central file;

(5)  Issue an order to show cause, returnable before this Court, why the judgment at issue here should not be vacated;

(6)  In the event any of the foregoing claims are contested by the State of California, or its representatives, Petitioner requests that this Court conduct an evidentiary hearing in which any disputed facts may be fully and fairly adjudicated.

(7)  Appoint counsel or award reasonable attorney fees; and

(8)  Grant any other and further relief the Court deems proper and just.

DATED: April 25, 2008.

Respectfully submitted,

*Maximiliano Rios*

Maximiliano Rios
Petitioner
In Propria Persona

## **VERIFICATION**

I, MAXIMILIANO RIOS, am the Petitioner in this action. I have read the foregoing petition for wirt of habeas corpus, and all the facts stated therein not otherwise supported by citation to the record, exhibits or other documents are true of my own personal knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 25th day of April, 2008, at Centinela State Prison in Imperial, California, County of Imperial.

Maximiliano Rios
Maximiliano Rios
Declarant/Petitioner

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

<u>ARGUMENT</u>

I

### PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS BASED UPON THE FAILURE OF PRISON OFFICIALS TO CONSIDER EXCULPATORY EVIDENCE PRIOR TO FINDING HIM GUILTY OF CONTRABAND POSSESSION

Petitioner contends that by finding him guilty under CCR, Title 15, § 3016, subdivision (a), of possession of inmate manufactured alcohol found in his cell without considering Petitioner's testimony and his cellmate's admission that the alcohol belonged to the cellmate, Respondent failed to follow an administrative rule of the CDCR requiring an inmate to be absolved of responsibility for contraband found near his bed when "some evidence" shows the contraband belonged to another inmate. Because Respondent failed to consider the evidence pertaining to the ownership of the alcohol, Respondent's guilty finding against Petitioner was arbitrary and capricious and should not be upheld.

A.  <u>Factual Background</u>

In his decision at the Second Level of Review, Respondent observed that "[p]ursuant to a Deputy Director's Memorandum of 09-03-98, absent some evidence that the contraband belonged to another inmate, it would be appropriate to hold an inmate assigned to the immediate bed area where the contraband was found, responsible for the contraband." (CT 27). Respondent referred no further to the memorandum. Respondent did not explain why Petitioner's testimony or the cellmate's admissions in his declaration did not amount to "some evidence" that the alcohol belonged to the cellmate, and therefore would absolve Petitioner of responsibility for the alcohol. Respondent made no finding as to the weight to be given this evidence, nor did he indicate that Petitioner's evidence was not "some evidence" that the alcohol belonged to the cellmate.

-8-

No further reference was made to the Department's memorandum, or to the quesiton whether Petitioner's testimony and his cellmate's declaration amounted to "some evidence" that the alcohol belonged to the cellmate, during the remainder of the appeal process or in this proceeding.

**B.    The Court Should Defer The Department Of Correction's Administrative Rule Because Of The Department's Expertise In This Area**

As a direction on how violations of prison regulations banning contraband should be determined by an institution of the agency that drafted the regulations, the Court should defer to the administrative rule requiring the consideration of exculpatory evidence.

**C.    By Failing To Consider Evidence That The Alcohol Belonged To Petitioner's Cellmate, clearly, Respondent Arbitrarily And Capriciously Found Petitioner Guilty Of Violating CCR, Title 15, § 3016, Subdivision (a). Therefore, The Disciplinary Action Against Petitioner Should Not Be Upheld**

Before a court may uphold agency action, the court must ensure that the agency has considered all erlevant factors.

As previously mentioned, by failing to consider that the alcohol belonged to the cellmate, Respondent and the others arbitrarily and capriciously found Petitioner had violated CCR, Title 15, § 3016, subdivision (a). Therefore, the disciplinary action against Petitioner should not be upheld.

**D.    By Claiming That The Prison Should Have Applied The Administrative Rule In The Disciplinary Proceeding, Petitioner Presents A Question Of Law That May Be Raised At Any Time**

Petitioner did not waive his right to claim on appeal that the prison improperly failed to follow an internal administrative rule, even though he did not raise the issue in the trial court. By arguing that the prison failed to follow the rule, Petitioner raises a question of law based on undisputed facts that may be raised at any time. Furthermore, according to the record, the

relevant facts are not disputed by the parties. Petitioner does not dispute the prison's allegation that the alcohol was found in his cell. (CT 8, 25). And the prison does not dispute Petitioner's claim that the alcohol belonged to his cellmate.

Also, contrary to the holding of the California Court of Appeal, Fourth Appellate District, Division One, Petitioner did not waive his claim by failing to include the memorandum itself in the administrative record or the trial court record. Contrary to the court's reasoning, the rule is part of the record via the memorandum. By citing to the rule in its response to the Second Level appeal by Petitioner, Respondent admitted to the existance, validity, scope and relevance of the rule at the time of the disciplinary proceeding.

///

///

///

///

///

## CONCLUSION

California prisons deal with thousands of incidents involving contraband each year, with most, if not all, resulting in disciplinary proceedings. Prisoners who believe they were wrongly found guilty of contraband possession at these proceedings will rarely find redress in the trial court because of the minimal "some evidence" standard, including proceedings in which the prison ignores exculpatory evidence. Thus, it is imperative for prisons to examine and weigh all evidence, not just inculpatory evidence. When a prison fails to apply an agency construction of a regulation in a disciplinary proceeding that would require it to examine all evidence, and therefore more likely lead to a more accurate and just finding, the prison "impair[s] the disciplinary process as a rehabilitative tool." (Wolff v. McDonnell (1974) 418 U.S. 539, 588).

DATED: April 25, 2008

Respectfully submitted,

Maximiliano Rios
Maximiliano Rios
Petitioner

In Propria Persona

-11-

**ATTACHMENTS**

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047799
S151706

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MAXIMILIANO RIOS on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 2 0 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
Chief Justice

S152980

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re MAXIMILIANO RIOS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

OCT 1 0 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice