1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  KATHLEEN R. FREY, State Bar No. 249417
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-3034
     Fax: (619) 645-2581
9    Email: Kathleen.Frey@doj.ca.gov

10 Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

| 15 | **MAXIMILIANO RIOS,** | CV 07-2071-W (NLS) |
|---|---|---|
| 16 | Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | v. | |
| 18 | **V. M. ALMAGER, Warden,** | |
| 19 | Respondent. | Judge:   The Honorable Nita L. Stormes |

20

21      **TO PETITIONER MAXIMILIANO RIOS, IN PRO PER:**

22      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules

23 Governing § 2254 Cases in the United States District Courts, Respondent moves the Court for an

24 order dismissing the above-entitled action on the ground that Petitioner has failed to allege a

25 cognizable claim for federal relief. This motion is based on the notice and motion; the

26 supporting memorandum of points and authorities and exhibits; and the pleadings, records, and

27 files in this action.

28 //

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This is a case brought by a state prisoner requesting the dismissal of a rules violation report guilty finding and the expungement of all references to the rules violation in his central file. Petitioner alleges his due process rights were violated because the disciplinary hearing officer failed to consider evidence that his cellmate possessed the inmate manufactured alcohol at issue. (*See* Pet.) Respondent moves to dismiss the Petition because Petitioner has failed to allege a cognizable claim for federal habeas relief.

**II.**

**SUMMARY OR RELEVANT FACTS**

Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation (CDCR) following his 1998 conviction for second degree robbery (Pen. Code, § 211) with a weapon use enhancement (Pen. Code, § 12022.53(c)). Petitioner is serving a 23 year sentence. (Ex. 1 - Abstract of Judgment.) On December 15, 2004, Petitioner was found guilty of possessing inmate manufactured alcohol, and assessed a forfeiture of 120 days of behavioral credits and a 30-day loss of privileges effective from December 15, 2004, to January 14, 2005. (Ex. 2 - Rules Violation Report, p. 2.) Petitioner submitted an inmate appeal requesting that the Rules Violation Report be dismissed and removed from his file on grounds that the alcohol belonged to his cell mate. On February 23, 2005, the appeal was granted in part, disallowing the forfeiture of behavioral credits previously assessed because Petitioner did not receive his initial copy of the Rules Violation Report within 15 days of the discovery of the information leading to the charges. (Cal. Code Regs., tit 15, § 3320, subdivision (f)(1); Ex. 3 - Second Level Response, p. 4.) As a result of the appeal, on March 10, 2005, the 120 day loss of credit was deleted. (Ex. 4 - Chronological History.) However, the determination of guilt was upheld. (Ex. 3, p. 4.)

//

//

//

## III.

## ARGUMENT

### PETITIONER HAS FAILED TO ALLEGE A COGNIZABLE CLAIM FOR FEDERAL HABEAS CORPUS RELIEF.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir.1991), *quoting, Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. The only disciplinary sanction that is properly at issue in a federal habeas corpus case is an inmate's loss of credit that resulted from the disciplinary action. *Id.* at 487; *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). Petitioner has not alleged sufficient facts demonstrating a loss of credit, and the record demonstrates Petitioner's credit was restored after his second level administrative appeal. (Ex. 3, p. 4; Ex. 4.) Thus, Petitioner has failed to allege a cognizable claim for federal habeas corpus relief.

The only remaining punishment that Petitioner could challenge is the 30-day loss of privileges assessed following the guilty finding at the disciplinary hearing. Petitioner does not specifically challenge the imposition of the 30-day loss of privileges or indicate whether he has already incurred this loss. (*See* Pet.) Assuming that Petitioner challenges this punishment, his claim would be without merit as he does not have a federally protected liberty interest in avoiding the 30-day loss of privileges. In *Sandin,* the Supreme Court held that States may create liberty interests that are protected by the Due Process Clause, but "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484 (1995). Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. *Id.* at 485. A 30-day loss of privileges, a punishment less severe than the 30 days of disciplinary segregation imposed and found constitutional in *Sandin,* does not impose an atypical and significant hardship. *Id.* at 486. Thus, even if Petitioner challenges this punishment, Petitioner does not have a federally protected liberty interest in avoiding the 30-day loss of privileges.

In sum, since Petitioner does not appear to challenge any credit losses and does not challenge the legality or duration of his present confinement, he has not alleged any cognizable claim for federal habeas corpus relief and the Petition should be dismissed.

## CONCLUSION

Because Petitioner has failed to allege a cognizable claim for federal habeas relief, Respondent respectfully requests this Court dismiss the Petition with prejudice.

Dated: June 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General


s/Kathleen R. Frey


KATHLEEN R. FREY
Deputy Attorney General
Attorneys for Respondent

KRF:mtl

70127988.wpd
SD2008600822

# EXHIBIT LIST

| Tab No. | Document | Pages |
|---|---|---|
| 1. | Abstract of Judgment | 1 |
| 2. | Rules Violation Report | 2-4 |
| 3. | Second Level Appeal Response | 5-8 |
| 4. | Chronological History | 9 |

# EXHIBIT 1

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

[X] SUPERIOR
[ ] MUNICIPAL
[ ] JUSTICE
COURT OF CALIFORNIA, COUNTY OF **TULARE**

BRANCH OR JUDICIAL DISTRICT: **VISALIA DIVISION**

COURT (I.D.): 54100

**FILED**
**TULARE COUNTY SUPERIOR COURT**
OCT 3 0 1998
Stephen Konishi, Clerk
By: _____

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: **MAXIMILIANO VILLALOBOS RIOS**
AKA:
[XX] PRESENT  [ ] NOT PRESENT
41357-B
INPUT BY SHARON

[X] COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT

| DATE OF HEARING 10/14/98 | DEPT. NO | JUDGE STEPHEN DREW | CLERK Mae Matsuzaki |
|---|---|---|---|
| REPORTER Janice Foster | COUNSEL FOR PEOPLE Dennis Beck, DDA | COUNSEL FOR DEFENDANT Charles Rothbaum | PROBATION NO. A-33156 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO / DAY / YEAR | CONVICTED BY JURY / COURT / PLEA | TERM (L.M.U.) | TIME IMPOSED YEARS / MONTHS |
|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211 | Second Degree Robbery | 98 | 09 / 09 / 98 | PLEA: X | M | 3 / - |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.53(c) | 20 | | | | | | | | | 20 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

Restitution to the victim in this matter, Abdul S. REMAIN OPEN.
Defendant shall pay a restitution fine in the sum of $500.00 pursuant to 1202.4 PC.
Defendant shall pay an additional restitution fine in the sum of $500.00 purs. to 1202.45 PC, which shall be STAYED pending successful completion of parole.

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED: **23 / -**

7. [ ] THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. [XX] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [ ] OTHER _____

9. DATE OF SENTENCE PRONOUNCED: 10/14/98
CREDIT FOR TIME SPENT IN CUSTODY — TOTAL DAYS: 57
ACTUAL LOCAL TIME: 48
LOCAL CONDUCT CREDITS: 9
STATE INSTITUTIONS: [ ] DMH [ ] CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT: **WASCO Reception Center**
[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] SAN QUENTIN
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.
DEPUTY'S SIGNATURE: Regan Collins
October 30, 1998

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the Judicial Council of California Effective April 1, 1992

0001

# EXHIBIT 2

COPY OF RVR AND CDC-804 SENT TO RECORDS ON: _____ BY: _____

STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-17702 | RIOS | 03/16/18 | CENTINELA | D-2-233U | FD-04-11-017 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3016(A) | POSSESSION OF INMATE MANUFACTURED ALCOHOL | FAC. D-2 | 11-18-2004 | 1415 HOURS |

**CIRCUMSTANCES**

On 11-18-2004, at approximately 1415 hours, while performing my duties as Facility "D", D-2 FL#2 Officer, during a random cell search of cell 233 occupied by inmates RIOS, P-17702, D-2-233U, and Pineda, T-46945, D-2-233L, I found a plastic container on the top shelf. Inside the tupperware type container was a plastic bag with a clear liquid in it. When I opened the container there was a strong odor of fermenting fruit. Sgt. NEWMAN was notified and he verified the liquid as being Inmate Manufactured Alcohol "White Lightning". I told inmates RIOS and Pineda that this as a direct violation of Title 15 3016(A) stimulants and sedatives.

RIOS is aware of this report.
RIOS is not a participant in the Mental Health Services Delivery System at the CCCMS/EOP/MHCB level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R.H. BANKS, Correctional Officer | 12/03/04 | D-2 FL#2 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| W. NEWMAN, Sergeant (A) | 12-2-04 | DATE N/A | LOC. N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | C | 12/4/04 | J. Napolitano, Facility "D" Captain (A) | ☐ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) 12/07/04 AS per M. | DATE 12-70 | TIME 2020 | TITLE OF SUPPLEMENT 115 c Sgt. Newman |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER N/A | BY: (STAFF'S SIGNATURE) N/A TERRAZAS | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE 12-7-04 | TIME 2020 |

**HEARING**

This hearing convened on 12/15/04, at 2015 hours, I introduced myself to inmate RIOS as Lieutenant [G.N. Granish], the Senior Hearing Officer (SHO). This inmate is not a participant in the Mental Health Services Delivery System at the CCCMS/EOP/MHCB level of care, inmate was not assigned a Mental Health Staff Assistant. Inmate RIOS stated that his health was good with unimpaired hearing and vision.

Inmate RIOS acknowledged receipt of this CDC-115 RVR, and the following associated documents: CDC-115A; More than twenty four (24) hours prior to the start of this hearing.

These reports as well as the disciplinary charge of POSSESSION OF INMATE MANUFACTURED ALCOHOL were reviewed with inmate RIOS at this hearing. Inmate RIOS stated that he understood all documentation and was prepared to begin.

**DUE PROCESS:** This disciplinary was served on inmate RIOS within 15 days of discovery and the hearing was held within 30 days of service. Time constraints have been met. There are no due process issues.

**DISTRICT ATTORNEY:** This matter was not referred for felony prosecution.

(Continued on CDC-115C)

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Lt. G.N. Granish, Senior Hearing Officer | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| Napolitano, Facility "D" Captain (A) | | J.F. Salazar, Chief Disciplinary Officer | 1/23/ |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | | 12- | 2- |

CDC 115 (7/88)
0002

STATE OF CALIFORNIA                                                                                   DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                                        PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-17702 | RIOS | FD-04-11-017 | CENTINELA | 12/15/04 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

(Continued from CDC-115)

**STAFF ASSISTANT:** Was assigned. Inmate RIOS is illiterate, claims 0.0 GPL, cannot read and write English, is not English speaking, the issues are not complex, is not a participant in the Mental Health Services Delivery System, did require a confidential relationship in preparing his defense.
Correctional Officer [E. Ponce] acted as a Spanish speaking translator for the hearing.

**INVESTIGATIVE EMPLOYEE:** Was not assigned, the issues are not complex, the inmates housing status did not preclude his gathering evidence, additional information was not necessary for a fair hearing.

**PLEA:** Inmate RIOS pled **NOT GUILTY**, and gave the following testimony as his defense: "The pruno is not his, it was made by his cell mate Pineda, T-46945."

**WITNESSES:** Inmate RIOS did not request witnesses.

**FINDINGS:** Inmate RIOS was found **GUILTY** of violating CCR Section 3016(A), a Division "C" offense; the specific charge of POSSESSION OF INMATE MANUFACTURED ALCOHOL. The preponderance of evidence submitted and considered in reaching a finding substantiates the charge and supports the factors in aggravation. The finding is based upon the following:

The RVR by [R.H. BANKS], stating in part, "On 11-18-2004, at approximately 1415 hours, while performing my duties as Facility "D", D-2 FL#2 Officer, during a random cell search of cell 233 occupied by inmates RIOS, P-17702, D-2-233U, and Pineda, T-46945, D-2-233L, I found a plastic container on the top shelf. Inside the tupperware type container was a plastic bag with a clear liquid in it. When I opened the container there was a strong odor of fermenting fruit. Sgt. NEWMAN was notified and he verified the liquid as being Inmate Manufactured Alcohol "White Lightning". I told inmates RIOS and Pineda that this as a direct violation of Title 15 3016(A) stimulants and sedatives.

Supplemental report by [Sgt. W. Newman (A)], On 11-18-04, at approximately 1415 hours, I as notified by Officer R.H. Banks, D-2 Floor Officer #2, and was informed him that he had found hat appeared to be Inmate Manufactured Alcohol "White Lightning". I went to building D-2 and verified the contents to be Inmate Manufactured Alcohol (Pruno) by color, smell, and texture. The contents were disposed of by pouring the contents down the dayroom sink.

Inmates statement at the hearing does not exonerate him of the charge as he is aware of the rules governing; Possession of Inmate Manufactured Alcohol.

**DISPOSITION:** Assessed 120 days forfeiture of behavioral credits consistent with a Division "C" offense (refer to CCR S3323).

Assessed 30 days Loss-of-Privileges to include: **ALL Dayrooms.** Effective from [12/15/04] through [01/14/05].

Inmate RIOS was informed that he would receive a final copy upon review of the Chief Disciplinary Officer.
Inmate RIOS was advised of his rights to appeal the findings of this hearing; that the first level of appeal has been eliminated on disciplinary issues.

Inmate was informed that a division "C" offenses has no credit restoration.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| Lt. G.N. Granish, Senior Hearing Officer | |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 12-24-04 | 2020 |

CDC 115-C (5/95)                                                           0003                                         OSP 99 25082

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | | PAGE ___ OF ___ |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| P-17702 | RIOS | FD-04-11-017 | CENTINELA | | 11-18-2004 |
| [X] SUPPLEMENTAL | [ ] CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [ ] HEARING | [ ] IE REPORT | [ ] OTHER _____ |

On 11-18-04, at approximately 1415 hours, I was notified by Officer R.H. Banks, D-2 Floor Officer #2, and was informed him that he had found hat appeared to be Inmate Manufactured Alcohol "White Lightning". I went to building D-2 and verified the contents to be Inmate Manufactured Alcohol (Pruno) by color, smell, and texture. The contents were disposed of by pouring the contents down the dayroom sink.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | W. NEWMAN, Sergeant (A) | 12-2-04 |
| [X] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED / TIME SIGNED |

CDC 115-C (5/95)                    0004                    OSP 99 25082

# EXHIBIT 3

State of California                                                      Department of Corrections

# Memorandum

Date:    February 23, 2005

To:      Rios, P-17702
         Centinela State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
         LOG NO.:    CEN-D-05-00010

APPEAL DECISION: **GRANTED IN PART.**

ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #FD-04-11-017, dated 11/18/04, for "Possession Of Inmate Manufactured Alcohol." It is the appellant's position that the inmate manufactured alcohol was found on his cellmate's shelf, that his cellmate plead guilty and his disciplinary hearing and admitted sole possession, and that his area of responsibility was the bottom shelf. It is the appellant's position that the Reporting Employee (RE) and inmate Pineda (T-46945), were denied at the disciplinary hearing by the Senior Hearing Officer (SHO).

The appellant requests on appeal that the CDC 115 be dismissed.

INTERVIEWED BY: P. W. Daugherty, Staff Services Analyst

REGULATIONS: The rules governing this issue are:

> **CCR 3016.   Controlled Substances, Drug Paraphernalia, and Distribution.**
> (a)   Inmates may not inhale, ingest, inject, or otherwise introduce into their body, possess, manufacture, or have under their control any controlled substance, controlled medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff.
>
> **CCR 3315. Serious Rule Violations.**
> (a) Inmate misconduct reported on a CDC Form 115 shall be classified serious if:
> (1) It is an offense punishable as a misdemeanor not specified as administrative in section 3314(a)(3) or is a felony, whether or not prosecution is undertaken.
> (2) It involves any one or more of the following circumstances:
> (E) Manufacture of alcohol or possession of any controlled substance, unauthorized drug, intoxicant, or illegal substance.
> (d) An inmate shall be assigned an employee to assist in the investigation of matters pertaining to a disciplinary action when the chief disciplinary officer or designee determines the necessity based on the following criteria.
> (1) Investigative Employee.

RIOS, P-17702
CASE NO. 05-00010
PAGE 2

        (A) An investigative employee, as described in section 3318(a), shall be assigned, within one working day after the serious rule violation charges have been submitted for processing when the chief disciplinary officer or designee determines that:
        1. The complexity of the issues requires further investigation.
        2. The housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense.
        3. A determination has been made that additional information is necessary for a fair hearing even if the inmate has waived the assignment.
        (B) Staff who witnessed or who will serve as a hearing official for a rule violation shall not serve as the investigative employee for that violation.
        (C) The inmate may not select the investigative employee, but may object to the one assigned, in which case, a second investigative employee shall be assigned to complete the investigation. The inmate's objection must be expressed prior to the beginning of the investigation.
        (D) Assignment of an investigative employee shall not preclude the assignment of a staff assistant.
        (e) Witnesses. An inmate may request that friendly and adverse witnesses attend the hearing.
        (f) Disposition. Upon completion of the fact-finding portion of the disciplinary hearing, the inmate may be found:
        (1) Not guilty and the charges dismissed.
        (2) Guilty of an administrative rather than a serious rule violation. In such case, the CDC Form 115 shall be reclassified as administrative and the inmate may be assessed only a disposition authorized in section 3314.
        (3) Guilty as charged or guilty of an included serious rule violation and assessed a credit forfeiture pursuant to section 3323.

**CCR 3320. Hearing Procedures and Time Limitations.**
        (a) A copy of the CDC Form 115 and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC Form 115 has been classified serious or administrative and within 30 days of the misconduct, but not later than 15 days from the date the information leading to the charges is discovered by staff or, in the case of an escapee, 15 days after the escapee's return to the department's custody.
        (f) The following events shall preclude denial or forfeiture of credits:
        (1) The inmate was not provided a copy of the CDC Form 115 within 15 days after the discovery of information leading to the charges except as otherwise provided in (a).

**CCR 3323. Disciplinary Credit Forfeiture Schedule.**
        (a) Upon a finding of guilt of a serious rule violation, a credit forfeiture against any determinate term of imprisonment or any minimum eligible parole date for an inmate sentenced to a term of either 15 or 25-years-to-life shall be assessed within the ranges specified in (b) through (h) below:

RIOS, P-17702
CASE NO. 05-00010
PAGE 3

      (e) Division "C" offenses; credit forfeiture of 91-120 days.
      (11) The fermentation or distillation of materials in a manner consistent with the production of alcohol or the physical possession of alcohol in an institution/facility or contract health facility.

    **CCR 3327. Restoration of Forfeited Credits.**
      (a) Forfeited credits shall at no time be restored as specified below:
      (1) No credit shall be restored for any serious disciplinary offense punishable by a credit loss of more than 90 days. These offenses include Divisions A-1, A-2, B, and C.

On 11/18/04 R. Banks, Correctional Officer, while performing his duties as Facility D-2 Floor Officer #2, was conducting a random search of Cell #233, assigned to the appellant and inmate Pineda (T-46945). The RE found a plastic container on the top shelf. Inside the plastic container was a plastic bag with a clear liquid in it. When the RE opened the container there was a strong odor of fermenting fruit. W. Newman, Correctional Sergeant, was notified and verified the liquid as being inmate manufactured alcohol (white lightening). The RE informed the appellant and inmate Pineda that this was a direct violation of CCR Section 3016(a).

On 11/18/04 CDC Form 115, RVR, Log #FD-04-11-017 was issued, charging the appellant with a violation of CCR Section 3016(a), with a specific charge of "Possession Of Inmate Manufactured Alcohol."

This matter was not referred to the District Attorney's office for criminal prosecution.

Based on the information within the CDC 115, RVR, the report provided a preponderance of evidence to support the charge.

A CDC 115-X, Mental Health Assessment, was not prepared based on the appellant is not a participant in the Mental Health Services Delivery System at the CCCMS/EOP/MHCB level of care.

A Staff Assistant was assigned pursuant to CCR Section 3315(d)(2)(A), however, an Investigative Employee was not assigned pursuant to CCR Section 3315(d)(1)(A).

It is noted within the CDC 115 that the appellant did not request witnesses at the disciplinary hearing to include the Reporting Employee.

Upon review of the Hearing Section of the CDC 115, the appellant stated he understood all the documentation contained within the disciplinary package and was prepared for the hearing.

It is noted in the Plea Section within the CDC 115 that the appellant plead "Not Guilty" and stated, "The pruno is not his, it was made by his cellmate Pineda (T-46945)."

On 12/15/04 the RVR was heard and the appellant was found guilty of CCR Section 3016(a), a Division "C" offense, the specific charge of "Possession Of Inmate Manufactured Alcohol." The appellant was assessed 120 days forfeiture of behavioral

RIOS, P-17702
CASE NO. 05-00010
PAGE 4

credits consistent with a Division "C" offense. The appellant was also assessed 30 days loss of privileges to include Dayroom effective 12/15/04 through 01/13/05.

On 12/23/04 D. Dexter, Chief Disciplinary Officer (CDO), reviewed Rules Violation Report, Log #FD-04-11-017 and affirmed the disposition.

The appellant's position that the inmate manufactured alcohol was found on his cellmate's shelf, that his cellmate plead guilty and his disciplinary hearing and admitted sole possession, and that his area of responsibility was the bottom shelf, is without merit. The appellant is reminded that he and his cellmate are responsible for the cell and its contents. They both maintain immediate access to the cell, therefore, the alcohol was in fact under the appellant's control, as well as his cellmate's. Both are held accountable for the alcohol. Constructive possession means within the inmate's area of responsibility. Pursuant to the Deputy Director's Memorandum of 09/03/98, absent some evidence that the contraband belonged to another inmate, it would be appropriate to hold an inmate assigned to the immediate bed area where the contraband was found, responsible for possession of the contraband. A review of the Circumstances Section within the CDC 115, indicated that the discovery of the alcohol was well documented by the pungent odor, color, location, and type of container.

The appellant's position that the RE and inmate Pineda (T-46945) were denied at the disciplinary hearing by the SHO is without merit. A review of the Witnesses Section within the CDC 115 indicated that the appellant did not request witnesses at the disciplinary hearing to include the Reporting Employee.

A review of the appellant's disciplinary package indicates that the finding was appropriate, however the appellant's due process rights were not met. Pursuant to CCR Section 3320(f)(1), no forfeiture of behavioral credit shall be assessed if the inmate was not provided a copy of the CDC Form 115 within 15 days after the discovery of information leading to the charges. A review of the CDC 115 indicated that the date of discovery was 11/18/04, however, the appellant was not issued his initial copy of the CDC 115 until 12/07/04.

DECISION: The appeal is Granted In Part.

The CDO is instructed to disallow the 120 days forfeiture of behavioral credits assessed in RVR Log #FD-04-11-017.

Classification Staff and Records Staff are instructed to make the necessary casework adjustments.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. J. GIURBINO
Warden
Centinela State Prison

0008

# EXHIBIT 4

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## CHRONOLOGICAL HISTORY
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 11/5/98 | RECEIVED WASCO STATE PRISON – RECEPTION CENTER   NC | aB | | |
| 2-11-98 | Intake Audit | EL | | |
| | RESTITUTION FINE $ 500.— | | EPRD | 3/16/2018 |
| | Tulare COUNTY CASE # 41357 | EL | | |
| 3-11-98 | Notice Required per 3058.6. | EL | | |
| MAR 11 1999 | REC'D CEN | ⊗ | | |
| 4-20-99 | INTAKE AUDIT | LB | 1/4 EPRD | 3-16-2018 |
| | PC 2933.5 REVIEW. FOUND ELIGIBLE FOR CREDITS ON CASE #41357. | LB | | |
| 7-30-99 | WANTED BY: USINS #A77192351 | LB | | |
| 1-29-2000 | Reviewed for compliance w/PC 296 | LB | | |
| 1-10-05 | 120 day credit loss CDC 115 dated 11-18-04 Log # FD04-11-017 | LOS | EPRD | 7-19-2016 |
| 3-10-05 | Deleted 120 day BCL Log# FD04-11-017 due to Process Violation Per Mod. Order CEN-D-5-00010 | LOS | EPRD | 3-16-2018 |
| 4-25-05 | PC 296 DNA Completed per OBIS | EL | | |

| Number | Name | | | Page |
|---|---|---|---|---|
| P-17702 | RIOS, MAXIMILIANO VILLALOBOS | | 0009 | |

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:   **Rios v. Almager**

Case No.:    **CV 07-2071-W (NLS)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 23, 2008, I served the following documents:

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

**Maximiliano Rios**
**CDC # P-17702**
**Centinela State Prison**
**P.O. Box 931**
**Imperial, CA 92251-0731**

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 23, 2008, at San Diego, California.

M. Torres-Lopez                                _M. Torres-Lopez_
————————————                                  ————————————
     Declarant                                     Signature

SD2008600822
70128252.wpd