# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO RIOS,<br><br>        Petitioner,<br>v.<br><br>V.M. ALMAGER, Warden,<br><br>        Respondent. | ) Civil No.07cv2071 W (NLS)<br>)<br>) **REPORT AND RECOMMENDATION**<br>) **FOR ORDER GRANTING IN PART**<br>) **AND DENYING IN PART MOTION TO**<br>) **DISMISS HABEAS CORPUS PETITION**<br>)<br>) [Doc. No. 11]<br>) |

Maximiliano Rios (Petitioner), a California prisoner proceeding pro se, filed a writ of habeas corpus (Petition) under 28 U.S.C. § 2254. Petitioner contests his confinement on the basis that he was deprived of his right to due process in a prison disciplinary proceeding. Respondent filed a motion to dismiss the Petition on grounds that Petitioner has failed to allege a cognizable claim for federal habeas corpus relief. Petitioner filed an opposition.

Upon a complete review of the record, the Court **RECOMMENDS** that Respondents' motion to dismiss be **GRANTED in part** and **DENIED in part**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation (CDC) following his 1998 conviction for second degree robbery with a weapon-use enhancement. Mot. to Dismiss (MTD) at 2, Ex. 1. He is serving a 23 year sentence for this conviction. *Id.*

According to Petitioner, on November 18, 2004 Correctional Officer Banks randomly searched Petitioner's cell that he shared with another inmate, Pineda. Pet'n, Mem. Ps&As ¶ 9. Officer Banks

found a plastic container with a plastic bag in it that contained clear liquid. *Id.* Another Correctional Officer, Newman, verified the liquid was inmate-manufactured alcohol, also known as "pruno."[1] *Id.* Both Petitioner and Pineda were charged with possession of inmate-manufactured alcohol, in violation of the California Code of Regulations. *Id.* at ¶ 10. Petitioner appeared at a prison disciplinary hearing on December 15, 2004 to defend the charge. *Id.*

Petitioner testified that Pineda made the alcohol, and that it belonged to Pineda. *Id.* Based on the statements of Officers Banks and Newman in the violation report, Senior Hearing Officer Granish found Petitioner guilty of violating the rules, and assessed 120 days forfeiture of behavior credits and 30 days loss of dayroom privileges, from December 15, 2004 to January 14, 2005. *Id.*; MTD at 2, Ex. 2. Petitioner filed an inmate appeal and requested that the Rules Violation Report be dismissed and removed from his file because the alcohol belonged to his cell mate. Pet'n, Mem. Ps&As ¶ 11; MTD at 2. On February 23, 2005, the appeal was granted in part upon finding that Petitioner did not receive his initial copy of the Rules Violation Report within 15 days of discovery of the information leading to the charge. Pet'n, Mem. Ps&As ¶ 12; MTD at 2, Ex. 3. While the Warden found there was a due process violation, he upheld the finding that Petitioner was guilty. Pet'n, Mem. Ps&As ¶ 12; MTD at 2, Ex. 3 at 4. As a result of finding the due process violation, the 120 day loss of behavior credits was stricken on March 10, 2005, and Petitioner did not lose that good time credit. Pet'n, Mem. Ps&As ¶ 12; MTD at 2, Ex. 4.

Petitioner appealed the decision to the CDC's Inmate Appeals Branch and claimed that he should not be held responsible for his cell mate's actions. Pet'n, Mem. Ps&As ¶ 13. That appeal was denied. *Id.* Petitioner then filed a writ of habeas corpus in state superior court.[2] *Id.* ¶ 14. The superior court granted the petition and found the evidence failed to show Petitioner knew the alcohol was in his cell. *Id.* The State Attorney General filed an appeal on behalf of The People, and the California Court of Appeal issued an opinion on February 27, 2005 that reversed the granting of the habeas petition. *Id.* ¶

---

[1] "Pruno is a fermented drink made by prisoners from scraps of fruit and vegetables." *Hunter v. Ayers*, 336 F.3d 1007, 1008 (9th Cir. 2003).

[2] Respondent did not lodge any court records regarding the state habeas proceedings. These are the facts as stated in the Petition.

15.[3] Petitioner filed a petition for review with the California Supreme Court. *Id.* The petition was denied. *See* Attachment to Pet'n. Petitioner filed a habeas petition with the California Supreme Court, which was also denied. *See id.*

## DISCUSSION

States may create liberty interests protected by the Constitution's due process clause. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Protectable liberty interests must generally be "limited to freedom from restraint which . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Even discipline in segregated confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. But in California, prisoners do have a constitutionally protected liberty interest in "good time" or "good behavior" credits. *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987).

Where a prison official's administrative decision implicates a constitutionally-protected liberty interest–such as loss of good time credits–the official must provide procedural safeguards with regards to that interest. *Id.* at 1089; *see Wolff v. McDonnell*, 418 U.S. 539, 563, 566 (1974) (listing out specific procedural safeguards to be followed for administrative decisions that implicate due process interests). A claim for loss of good time credit due to a disciplinary action is a proper subject for a habeas corpus petition. *Wolff*, 418 U.S. at 557.

Here, Petitioner asks for a review of his state prison disciplinary proceeding to determine if state and federal constitutional requirements were met and to determine the effect of any possible violations. Pet'n, Mem. Ps&As ¶ 4. Petitioner's initial disciplinary proceeding resulted in these findings: (1) the loss of the 120 days of good time credit; (2) the imposition of the 30-day loss of dayroom privileges; and (3) a finding that Petitioner was guilty of violating the rules regarding inmate-manufactured alcohol.

To the extent Petitioner claims there was a due process violation based on the loss of 120 days of good time credit, that claim is without merit because the Warden struck the forfeiture of those good time

---

[3]*See also* Case Information for Fourth Appellate Court, Division One, Case No. D047799, *In re Maximiliano Rios on Habeas Corpus*, *available at* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id=464474&doc_no=D047799.

credits. Because Petitioner regained his good time credit at the second administrative level of appeal, his subsequent appeals and habeas petitions did not concern that issue. Petitioner has no due process claim based on the initial forfeiture of good time credits, as that punishment was never imposed. Therefore, this Court **RECOMMENDS GRANTING** Respondent's motion to dismiss so far as it relates to the initial forfeiture of the 120 days of good time credit.

Petitioner also alleges that he was punished with a 30-day loss of dayroom privileges. The record is unclear as to whether that punishment was ever imposed. Even if it was imposed, such punishment does not amount to the type of "atypical and significant hardship on the inmate" protected by a state-created liberty interest. If punishment through segregated confinement does not create such a hardship, imposition of the loss of dayroom privileges for 30 days is not so atypical and significant so as to warrant due process guarantees. Therefore, Petitioner's due process claim based on loss of dayroom privileges for 30 days is not cognizable for habeas relief, and this Court **RECOMMENDS GRANTING** Respondent's motion to dismiss based on that 30 day punishment.

Finally, Petitioner challenges the fact that he was found guilty of the rules violation without being afforded adequate due process. In his prayer for relief, Petitioner asks that the court reverse the guilty finding of the disciplinary charge and expunge all references to the disciplinary charge from his central file. Pet'n, Mem. Ps&As at 6. Petitioner is serving a determinate life sentence of 23 years. Based on the relief Petitioner seeks, this Court liberally construes his "guilty finding" due process claim as a due process claim for his liberty interest in a parole release date. The central question here is whether the *possibility* that a guilty finding for a rules violation will affect a prisoner's parole release date states a cognizable claim for federal habeas corpus relief.

This Court first finds that Petitioner has a liberty interest in a parole release date. California's parole scheme, codified in California Penal Code section 3041, vests all "prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (citing *Sass v. Calif. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003); *McQuillon v. Duncan*, 306 F.3d 895, 903 (9th Cir. 2002)).

Next, this Court must determine how likely it is that a guilty finding for a rules violation regarding inmate-manufactured alcohol will affect Petitioner's parole release date. One of the due process guarantees in a parole board proceeding is that if the inmate is denied parole, the board must tell the inmate why "he falls short of qualifying for parole." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 16 (1979). A court reviewing an inmate's claim for habeas relief must determine whether the board's decision regarding the inmate's suitability for parole is supported by "some evidence" in the record that the inmate is presently a danger to society. *Irons*, 505 F.3d at 851; *Sass*, 461 F.3d at 1130.

An inmate's disciplinary record while in prison is a factor that the parole board considers when determining suitability for parole. *See, e.g.*, *Irons*, 505 F.3d at 660 (parole board noted that throughout confinement the inmate showed exemplary behavior and never received any written disciplinary charges); *Biggs*, 334 F.3d at 916 (in determining suitability for parole commenting that inmate had been disciplinary free since 1986); *McQuillion*, 306 F.3d at 904 ("good cause" for rescission of parole partly premised on disciplinary conduct). Specifically, a violation of the rule prohibiting the manufacture of pruno in prison is a violation the parole board considers when determining an inmate's suitability for parole, and may constitute "some evidence" that the inmate is not suitable for parole. *See, e.g., Cruz v. Warden of Avenal State Prison,* 2008 U.S. Dist. LEXIS 34756, *14 (E.D. Cal. 2008) (parole denied partly because inmate sustained "serious rules violation for manufacturing pruno in prison"); *Jones v. Mendoza-Powers*, 2008 U.S. Dist. LEXIS 34748, *14 (E.D. Cal. 2008) (parole denied partly because inmate "received four serious disciplinary reports . . . [including] one for manufacturing pruno").

This Court finds it very likely the parole board will review Petitioner's institutional disciplinary record when determining his suitability for parole, and that it will account for the fact that he was found guilty of a violation for manufacturing pruno. Whether that violation will impact the board's actual parole decision is another issue, but the fact that it is *possible* the violation will impact the board's parole decision–in which Petitioner has a liberty interest–renders Petitioner's claim cognizable on habeas review.

This Court finds it appropriate to review the merits of Petitioner's claim that the administrative hearing that resulted in the guilty finding met due process demands, because the record of that violation

1 may impact the finding of Petitioner's suitability for parole.  Accordingly, this Court **RECOMMENDS**
2 **DENYING** Respondent's motion to dismiss the due process claim based on the guilty finding.

**CONCLUSION**

4 This Court **RECOMMENDS** the district court **GRANT** Respondents' motion to dismiss the due
5 process claim based on forfeiture of good time credit and imposition of a 30-day loss of dayroom
6 privileges, but **DENY** the motion so far as Petitioner's due process claim is based on the finding of guilt
7 for the rules violation.  This Court **FURTHER RECOMMENDS** that if the District Judge adopts this
8 Report and Recommendation, Respondent be ordered to file an answer to the claim no later than 30 days
9 from the date of the District Judge's order, and that Petitioner be allowed to file a traverse no later than
10 50 days from the date of the District Judge's order.

11 This report and recommendation is submitted to the United States District Judge assigned to this
12 case pursuant to 28 U.S.C. § 636(b)(1).

13 **IT IS ORDERED** that no later than *__August 29, 2008__*, any party to this action may file written
14 objections with the Court and serve a copy on all parties.  The document should be captioned
15 "Objections to Report and Recommendation."

16 **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
17 served on all parties no later than *__September 12, 2008__*.  The parties are advised that failure to file
18 objections within the specified time may waive the right to raise those objections on appeal of the
19 Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20 **IT IS SO ORDERED**.
21 DATED:  August 8, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge